UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE HALL,

    Plaintiff

v.

KEVIN M. CHAPMAN,
NICHOLAS JUKURI,
FRANK O. FINCH,
DANIEL SWETZ, and
JOHN POLKINGHORN,

    Defendants.
_____/

Case No. 4:17-cv-10895
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

# ORDER DIRECTING THE U.S. ATTORNEY'S OFFICE OF THIS DISTRICT TO UPDATE THE COURT and PROVIDING FURTHER DIRECTION TO THE CLERK OF THE COURT

**A.    Chapman, Jukuri and Finch were represented by the U.S. Attorney's Office in Hall's Prior Case.**

In a prior lawsuit, Walter Lee Hall – while incarcerated at FCI Milan – sued three individuals: (1) Kevin M. Chapman, identified as the FCI Milan Unicor Paint A Department Supervisor; (2) Nicholas Jukuri, identified as a sheet metal worker foreman; and, (3) Frank O. Finch, identified as General Manager Unicor. *Hall v. Chapman, et al.*, Case No. 4:15-cv-13771-TGB-APP (E.D. Mich.) (ECF No. 1, PageID.1-2). UNICOR is "the trade name for Federal Prison Industries (FPI), a wholly owned Government corporation . . . ." (*See*

1

https://www.bop.gov/inmates/custody_and_care/unicor_about.jsp (last visited Apr. 30, 2021).)

Defendants were represented by the U.S. Attorney's Office. The matter concluded in January 2018, when the Court granted Defendants' motion to dismiss, dismissed Hall's claims without prejudice, and entered judgment.

**B.     Plaintiff's Instant Complaint Names Five Defendants.**

The instant matter concerns Walter Lee Hall's incarceration at FCI Milan "from 2014 to November 2016." (ECF No. 1, PageID.1.) Defendants are: (1) Kevin M. Chapman; (2) Nicholas Jukuri; (3) Frank O. Finch; (4) Daniel M. Swetz; and, (5) John T. Polkinghorn. At the time Hall filed this lawsuit in March 2017, he was incarcerated at FCI El Reno in Oklahoma. (ECF No. 1, PageID.79.)

Plaintiff was informed about his responsibility to notify the Court of a change in address. (ECF No. 6.) In March 2020, he informed the Court of his transfer to FPC Duluth (ECF No. 12); he was released from the Federal Bureau of Prisons' custody on August 12, 2020;[1] and, in December 2020, he informed the Court of his new address (ECF No. 20).

**C.     The Federal Bureau of Prisons Rejected the U.S. Marshal Service's Initial Attempt at Service.**

---

[1] *See* https://www.bop.gov/inmateloc/ (08528-030) (last visited Apr. 27, 2021).

When Plaintiff filed the instant matter, he also filed an application to proceed without prepaying fees or costs (ECF No. 2), which the Court granted (ECF No. 3). On April 11, 2017, the Court entered an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made. (ECF No. 7.) The Clerk of the Court promptly forwarded service documents to the U.S. Marshal, whose office appears to have attempted service in a single mailing to the "Litigation Coordinator" at FCI Milan. (ECF No. 8; ECF No. 9, PageID.97).

By a letter dated April 26, 2017, the Federal Bureau of Prisons (BOP) returned the "five . . . Request for Waiver packets" and informed the U.S. Marshal Service (USMS) that: (1) Finch was no longer a BOP employee; (2) Jukuri was employed at FCI Coleman; and (3) Polkinghorn, Chapman and Swetz were employed at FCI Milan. (ECF No. 9.)

**D.  The USMS's Subsequent Attempts at Service Were Only Partially Fruitful.**

On February 27, 2020, Judge Berg referred this case to me for pretrial matters. (ECF No. 11.) The following month, the State of Michigan became subject to several executive orders associated with the COVID-19 pandemic.

Thus, it was not until late September 2020 that the Court entered an order directing re-service of Plaintiff's complaint. (ECF No. 13.)[2]

In October 2020, the Clerk of the Court placed service documents in the U.S. Marshal's mailbox, and the USMS acknowledged receipt of the service documents. (ECF Nos. 14, 16.) This attempt at service was only partially fruitful. Preliminarily, for whatever reason, despite the BOP's above-described direction that Finch was no longer a BOP employee, Defendant Finch's waiver was prepared for service at FCI Milan. (ECF No. 14, PageID.115.) Also, it seems that the USMS's attempt at service upon Jukuri was not successful; even though it appears that someone at FCI Coleman signed the Domestic Return Receipt on November 27, 2020 (ECF No. 22, PageID.132), it also appears that the attempt at service upon Jukuri was returned to the Court (ECF No. 24, PageID.138).

However, Swetz, Chapman, and Polkinghorn executed waivers of service on December 15, 2020. (ECF Nos. 17, 18, 19.)[3] Thus, in January 2021, the Clerk of

---

[2] The copy of this order sent to Plaintiff at FPC Duluth was returned as undeliverable. (ECF No. 15.)

[3] Based on Domestic Return Receipt forms, which were signed on November 27, 2020, the Clerk calculated that Defendants' Jukuri, Polkinghorn, and Swetz's answers were due on December 18, 2020. (*See* ECF No. 22 [Jan. 15, 2021 Docket Entry].) Fed. R. Civ. P. 12(a)(1)(A)(i) ("within 21 days after being served with the summons and complaint . . . ."). *But see* Fed. R. Civ. P. 12(a)(1)(A)(ii) ("if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.").

4

the Court prepared paperwork to facilitate *a third attempt* at service upon Defendant Jukuri (seemingly within the Coleman Federal Correctional Complex)[4] and Defendant Finch (seemingly at a private residence), which the USMS appears to have done on or about January 19, 2021. (ECF Nos. 21, 23.)[5]

To date, no Defendant has filed a responsive pleading, and the U.S. Attorney's Office has yet to enter an appearance as to any Defendant.

**E.     Order**

Accordingly, no later than **Thursday, May 27, 2021**, the U.S. Attorney's Office is **DIRECTED** to inform the Court, in writing, as to: **(1)** whether it will be representing Defendants Swetz, Chapman and/or Polkinghorn; **(2)** what the status is of the Court's January 2021 attempt at service upon Defendant Jukuri; and, **(3)** whether it has knowledge of the status of the Court's January 2021 attempt at service upon Defendant Finch.

---

[4] Coleman FCC in Coleman, Florida is comprised of two high-security penitentiaries (USP Coleman II (P.O. BOX 1024) & USP Coleman I (P.O. BOX 1023)), FCI Coleman Low (P.O. BOX 1021), and FCI Coleman Medium (P.O. BOX 1022). (*See* https://www.bop.gov/locations/list.jsp (last visited Apr. 30, 2021).)

[5] Because the seemingly private address has not been redacted, the Undersigned will order the Clerk of the Court to seal this particular filing.

Also, the Clerk of the Court **SHALL: (1)** seal the acknowledgement filed on January 27, 2021 (ECF No. 23); **(2)** serve a copy of this order upon Plaintiff at his address of record (915 West 8th Street, Davenport, IA 52802); <u>and</u> **(3)** serve a copy of this order upon the United States Attorney's Office for the Eastern District of Michigan (211 W. Fort Street, Suite 2001, Detroit, MI 48226).

**IT IS SO ORDERED.**

Dated: April 30, 2021

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE